659 P.2d 683 (1983)
Joseph V. PIGNATIELLO, Petitioner,
v.
The DISTRICT COURT IN and For the SECOND JUDICIAL DISTRICT, STATE OF COLORADO, and the Honorable James C. Flanigan, One of the Judges Thereof, Respondents.
No. 82SA571.
Supreme Court of Colorado, En Banc.
February 28, 1983.
*684 Haddon, Morgan & Foreman, P.C., Lee D. Foreman, Denver, for petitioner.
Dale Tooley, Dist. Atty., Second Judicial Dist., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Donna Skinner Reed, Deputy Dist. Atty., Denver, for respondents.
ERICKSON, Justice.
Pursuant to C.A.R. 21(a), the petitioner sought a writ of prohibition to prevent the respondent court from allowing the Denver Grand Jury to obtain the petitioner's bank records. The petitioner requested that the trial court first examine the records to determine their relevance to the grand jury's investigation. We issued a rule to show cause and now discharge the rule.
Petitioner, Joseph V. Pignatiello, was the target of a Denver Grand Jury investigation relating to possible violations of Colorado's securities laws arising out of the operation of the petitioner's business, OTC Net, Inc. In October and early November, 1982, grand jury subpoenas duces tecum were issued to eleven banks and one brokerage company. The subpoenas, with several exceptions, required production of every record relating to financial transactions conducted by the petitioner from January 1, 1980, to the time the subpoenas were issued. Most of the subpoenas contained the following demand for the production of documents:
"You are further commanded to bring with you all bank records which reflect activity pertaining to [the petitioner]. These records should include but are not limited to all transactions involving checks, deposits, wire transfers, withdrawals, loans, bank drafts, cashier checks, money orders, intra bank transfers, authorized signature cards, partnership agreements, and corporate minutes pertaining to the establishment of the accounts between the dates of January 1, 1980, and the present."
The petitioner, after learning that the subpoenas had been served, filed a motion to quash asserting that the subpoenas were overbroad and that no showing had been made of the relevance of the items sought to any proper investigatory inquiries of the grand jury. After a hearing, the district court denied the motion to quash and refused the petitioner's request that the court examine the subpoenaed records in camera. The court found that the bank records were relevant to a legitimate securities fraud investigation and that the scope of the subpoenas was neither oppressive nor unreasonable.
The grand jury has traditionally been given broad investigatory powers and is "entitled to obtain by testimony or subpoena all evidence necessary for its deliberations." A. v. District Court, 191 Colo. 10, 550 P.2d 315 (1976). Citizens are required to testify before a grand jury in the absence of a limited number of constitutional, statutory, and common law privileges. See In re Sealed Case, 676 F.2d 793 (D.C.Cir. *685 1982); see also United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). In general, a grand jury subpoena may be quashed if it is overbroad, violative of testimonial privileges, or violative of a person's Fifth Amendment privilege against self-incrimination. Losavio v. Robb, 195 Colo. 533, 579 P.2d 1152 (1978). See also Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946); United States v. Calandra, supra; A. v. District Court, supra; Losavio v. District Court, 188 Colo. 127, 533 P.2d 32 (1975); Gher v. District Court, 183 Colo. 316, 516 P.2d 643 (1973); Note, A Right to Privacy in Bank Records: The Colorado Supreme Court Rejects United States v. Miller, 52 U.Colo.L. Rev. 529, 538 n. 46 (1981).
A grand jury subpoena must also comply with the rules of criminal procedure. See Crim.P. 6.1; Losavio v. Robb, supra. The rules provide that the person served with a subpoena may seek judicial review and establish that the subpoena should be modified or quashed because it is unreasonable, oppressive, or invalid on some other grounds. Crim.P. 17(c); People ex rel. MacFarlane v. American Banco Corp., 194 Colo. 32, 39, 570 P.2d 825, 829 (1977).
The subpoena in this case is directed towards the petitioner's bank records. We have held that a bank depositor has a "reasonable expectation of privacy in the bank records of his financial transactions." Charnes v. DiGiacomo, 200 Colo. 94, ___, 612 P.2d 1117, 1121 (1980). Thus, Fourth Amendment protections prevent governmental intrusions into or confiscations of bank records without the use of appropriate legal processes. The petitioner would have us order the district court to examine in camera each subpoenaed document and make a finding of the document's relevance to the investigatory purpose of the grand jury. According to the petitioner, such a procedure is necessary to guard against unreasonable searches and seizures of the bank records described in the subpoenas. We disagree.
We held in Charnes v. DiGiacomo, supra, that an administrative subpoena could authorize reasonable seizures of bank records if (1) the investigation is for a lawfully authorized purpose; (2) the information sought is relevant to the inquiry; and (3) the subpoena is sufficiently specific to obtain documents which are adequate but not excessive for the inquiry. 200 Colo. at ___, 612 P.2d at 1122 (relying on Oklahoma Press Publishing Co. v. Walling, supra).
The standards for a grand jury subpoena are substantially similar. In addition to the limitations mentioned above, courts should focus upon three factors in determining the reasonableness of a grand jury subpoena: (1) whether the subpoena commands the production of documents relevant to the grand jury investigation; (2) whether the demand for the documents is made with reasonable particularity; and (3) whether the request spans a reasonable period of time. United States v. Reno, 522 F.2d 572 (10th Cir.1975); see also United States v. Gurule, 437 F.2d 239 (10th Cir. 1970), cert. denied, 403 U.S. 904, 91 S.Ct. 2202, 29 L.Ed.2d 679 (1971); In re Grand Jury Investigation, 459 F.Supp. 1335 (E.D. Pa.1978); People ex rel. MacFarlane v. American Banco Corp., supra.
The particularity requirement is easily met. The subpoenas clearly described the documents which should be produced by each financial institution. Additionally, the investigation was limited to a specific and reasonable period of time. See Charnes v. DiGiacomo, supra (subpoena requesting documents over a four-year period reasonable).
We held in People ex rel. MacFarlane v. American Banco Corp., 194 Colo. 32, 37, 570 P.2d 825, 828 (1977), that the relevancy and adequacy of a grand jury subpoena are "matters variable in relation to the nature, purposes, and scope of the inquiry" (quoting Oklahoma Press Publishing Co. v. Walling, supra). The relevancy requirement is met by a "showing that a relationship exists between the documents which must be produced and the purposes of the inquiry." Id. at 39, 570 P.2d at 830.
*686 The record in this case presents sufficient evidence to support the district court's conclusion that the subpoenas requested documents relevant to a securities investigation. An investigation of potential violations of the securities laws will properly focus upon the bank records of the parties involved. There is a substantial likelihood that records of financial transactions may produce evidence of securities fraud. The turnover of large sums of money or an unusual or inexplicable increase in net worth may substantiate the occurrence of illegal activity. In an investigation of securities fraud, bank records will "undoubtedly aid the grand jury's attempt to determine whether the transactions in question do conceal illegal activity, and if so, who has violated the law." In re Grand Jury Investigation, 459 F.Supp. 1335, 1343 (E.D.Pa. 1978).
The petitioner's argument that each document must be examined in camera for relevancy is too sweeping. The grand jury's inquiry focused on documents which would reasonably relate to a securities investigation. A trial court need not examine every document to satisfy the standards of judicial review.
Mandatory in camera review of documents whenever the relevancy of the documents is questioned would place tremendous time constraints upon our already crowded judicial dockets. We approved an in camera procedure in A. v. District Court, supra, as a means for determining whether the attorney-client privilege would be violated by the disclosure of documents. That procedure enabled the trial court to safeguard privileged documents.
In camera procedures, however, are of limited usefulness in cases where large volumes of documents are involved. As the court recognized in In re Sealed Case, 676 F.2d 793, 814 (D.C.Cir.1982):
"When a grand jury's subpoena is at stake, the standard for evaluating an exception argument must be simple enough for courts to administer swiftly and efficiently without obstructing the grand jury's mission or squandering judicial resources.... Any system that requires courts to make highly refined judgmentsperhaps concerning volumes of documentswill most likely collapse under its own weight."
Accordingly, we are hesitant to require the district court to examine each subpoenaed document for relevancy whenever the person whose documents are subpoenaed alleges that some documents may be irrelevant. See also Ray v. Turner, 587 F.2d 1187, 1211-15 (D.C.Cir.1978) (in camera procedures must be carefully conceived to avoid overburdening courts); Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir.1974) (commenting on appellate review of in camera procedures).
The decision to proceed with an in camera inspection rests within the sound discretion of the trial court. The trial court must decide whether an in camera inspection is necessary to make a responsible de novo determination on the claims of exemption. See Ray v. Turner, supra; Ingle v. Department of Justice, 698 F.2d 259 (6th Cir.1983). Here, we cannot conclude that the district court abused its discretion by refusing to conduct an in camera inspection to determine the relevancy of every subpoenaed document. It was enough that the district court concluded that the subpoenas were focused upon subjects of legitimate and relevant inquiry and were not overly broad in a securities investigation.
Accordingly, the rule to show cause is discharged.
ROVIRA, J., does not participate.